UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

THOMAS WILLIAM O'HARA,

           Debtor.

Case No. 24-00151-swd
Chapter 7
Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                     Chief United States Bankruptcy Judge

On May 8, 2024, the court entered an order converting the chapter 13 case of debtor Thomas William O'Hara (the "Debtor") to a case under chapter 7. *See* Order dated May 8, 2024 (ECF No. 68, the "Conversion Order"). Earlier that morning, during a hearing on the chapter 13 trustee's dismissal motion, the court reminded the Debtor (and his counsel) of the latter's dismissal rights, and that the court speaks through its orders, suggesting that a prompt voluntary dismissal motion might avoid the conversion of the case.

In a trifecta of tardiness, counsel filed a response to the chapter 13 trustee's dismissal motion at 11:01 PM on the eve of yesterday's dismissal hearing, showed up an hour and a half late for the hearing, and after entry of the Conversion Order, belatedly invoked the Debtor's dismissal right under 11 U.S.C. § 1307(b). *See* Notice of Voluntary Dismissal (ECF No. 69, the "Notice"). Two Supreme Court opinions and several procedural rules inform the court's response.

First, the several rules affecting the court's analysis. Rule 1017 provides that "dismissal under …. § 1307(b) shall be on motion filed and served as required by Rule 9013." Fed. R. Bankr. P. 1017(f)(2). The Debtor's counsel filed a "notice," not a "motion." Given the context and obvious intent of the Notice, however, the court will ignore the form of the request as a harmless

error, even for a counseled debtor, especially considering the limited issues at play in a motion under § 1307(b). *See* Fed. R. Bankr. P. 9005 (harmless error rule in bankruptcy proceedings); *In re Smith*, 999 F.3d 452, 455 (6th Cir. 2021) ("By its plain terms, this provision [§ 1307(b)] is mandatory: upon the debtor's request, subject to one exception not applicable here (namely that the case was not converted to Chapter 13 from another chapter), the court "shall dismiss" a Chapter 13 case.").

Second, and more substantively, even treating the Notice as a "motion," counsel filed the Notice at 7:12 PM, after the court's earlier entry of the Conversion Order at 5:48 PM. The Conversion Order took effect upon its entry at that time, Fed. R. Bankr. P. 9021. The Supreme Court teaches that after the conversion of a case from chapter 13 to chapter 7, "the case is placed under Chapter 7's governance," and the provisions of chapter 13 no longer "hold[] sway." *Harris v. Viegelahn*, 575 U.S. 510, 519 (2015). Section 1307(b) is among those provisions of chapter 13 superseded upon the entry of the Conversion Order, and it does not matter whether the case is under the provisions of chapter 7 for an hour, a day, or a year. Entry of the Conversion Order ended the Debtor's nearly unconditional right to dismiss the case. In other words, one of the conditions for relief under § 1307(b) is that the case remain under chapter 13 when the debtor files the motion to dismiss. *Id.*

Third, the court often struggles to protect litigants from the missteps of counsel as it did in this case — first by accommodating counsel's late arrival and then by reminding him of his client's right, if timely exercised, to avoid conversion by seeking dismissal under § 1307(b). Nevertheless, the second Supreme Court opinion bearing on the court's decision today teaches that the attorney-client relationship is an agency relationship, and that the principal (the client) is bound by the actions of the agent (lawyer) within the scope of the agency, including (among other things) the

consequences of missed deadlines such as the deadline for filing a motion for voluntary dismissal that expired upon the entry of the Conversion Order in this case. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 397 (1993).

Because the Notice is patently defective, the court will simply deny it, without prejudice and without putting interested parties to the expense of responding. Fed. R. Bankr. P. 1001. The Debtor, if so advised, may seek dismissal of his chapter 7 case "for cause" as the now-governing statute requires. 11 U.S.C. § 103(b) and (j), and § 707(a).

NOW, THEREFORE, IT IS HEREBY ORDERED that the relief requested through the Notice (ECF No. 69), which the court treats as an untimely motion to dismiss under § 1307(b), is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Scott Fenton Smith, Esq., Brett N. Rodgers, Esq., the former chapter 13 trustee, the successor chapter 7 trustee when appointed, the United States Trustee, and all parties listed on the Debtor's mailing matrix herein or requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated May 9, 2024**



Scott W. Dales
United States Bankruptcy Judge