UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

THOMAS WILLIAM O'HARA,

       Debtor.

Case No. 24-00151-swd
Chapter 7
Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:  HONORABLE SCOTT W. DALES
      Chief United States Bankruptcy Judge

After the court permitted counsel for chapter 7 debtor Thomas William O'Hara to withdraw from representing him, and with Mr. O'Hara's express consent to the withdrawal on the record, the now-unrepresented Mr. O'Hara filed three objections to orders the court previously entered, including the order permitting his former counsel to withdraw. *See* Debtor's Objection to Trustee's Motion to Hire a Relator [sic] (ECF No. 156); Debtor's Objection to the Terms of the Order Allowing Attorney Scott Smith to Withdraw (ECF No. 157); Debtor's Objection to Trustees [sic] Application for Appointment of Attorney (ECF No. 158, and with ECF No. 156, the "Objections").

The gist of Mr. O'Hara's objection to the order permitting his counsel to withdraw is that former counsel, Scott F. Smith, Esq., never served him with a copy of that order (ECF No. 143). He therefore complains that he did not have notice that the court extended until September 27, 2024, his time to object to the chapter 7 trustee's proposed retention of (i) herself as counsel; and (ii) a realtor. Although the failure to serve an order generally does not render the order ineffective, Mr. O'Hara makes a fair point: the extension of time for Mr. O'Hara to respond to pending motions rendered premature the trustee's certificates of no objection and the resulting appointment orders. Under the circumstances, and notwithstanding the entry of the two retention orders (ECF Nos. 141

and 142), the court will consider *de novo* Mr. O'Hara's challenge to Lisa E. Gochá's service as counsel and her selection of the realtor based on his plausible allegation that former counsel neglected to serve the withdrawal order as the court required.  The court notes that Mr. Smith did not file a proof of service, as ordered.[1]

To the extent Mr. O'Hara continues to challenge the conversion of this case from chapter 13 to chapter 7, the court stands by that decision, but will leave that matter to the United States District Court and its resolution of his appeal on this score.

To the extent he challenges the trustee's appointment as trustee, assuming that a chapter 7 debtor has standing to mount such a challenge,[2] the court perceives nothing irregular in the United States Trustee's selection of Ms. Gochá, a long-serving member of this District's chapter 7 trustee panel, as interim trustee under 11 U.S.C. § 701(a).  Her service as trustee in this case continues under § 701(b) absent election or other change under § 702.

His challenge to the trustee's "clear conflict of interest" in serving as both trustee and counsel to the estate similarly fails.  The Bankruptcy Code specifically authorizes a trustee (who qualifies as an attorney) to serve as the estate's counsel "if in the best interest of the estate." 11 U.S.C. § 327(d). Mr. O'Hara's disagreement with her plans to sell 2820 Division Street, and his suggestion that the sale would not be in the best interest of the estate or his ex-wife, amounts to nothing more than a difference of opinion about the administration of estate assets.  This is not a

---

[1] The court will treat Mr. O'Hara's objection to the withdrawal order (ECF No. 157) as a motion for reconsideration and will reconsider the two orders at issue in the other Objections.

[2] *Cf. In re B & P Baird Holdings, Inc.*, No. 1:12-CV-32, 2012 WL 4501016 (W.D. Mich. Sept. 28, 2012) (debtor failed to establish any possibility of recovering a surplus from the estate, and thus lacked standing to challenge proofs of claim). Going forward, Mr. O'Hara must establish his standing to object in this case, or the court may disregard future challenges to the trustee's administration of assets.

reason to challenge her appointment as trustee or counsel for trustee, even assuming for the sake of argument that he has standing to be heard on these issues.[3]

Moreover, the court routinely permits its panel trustees who are licensed attorneys to represent the estates they serve as trustee, premised largely on statutory authority (11 U.S.C. § 327(d)) and the economies that inure to the estate from having the trustee and counsel operating from the same knowledge base, without having to pay counsel to get up to speed on the case. A dual appointment also eliminates the costs of communication between the trustee and counsel. Billing for routine e-mails and telephone calls between client and counsel in tenths of an hour, as the court permits, quickly adds up. *See* Memorandum Regarding Allowance Of Compensation and Reimbursement of Expenses For Professionals Under 11 U.S.C. § 330(A) (as amended effective January 1, 2024) at ¶ 8 (https://www.miwb.uscourts.gov/sites/miwb/files/local_rules).

Similarly, the court does not share Mr. O'Hara's concerns about the trustee's financial incentives with respect to the possible sale of the Division Street property, or administration more generally. The Bankruptcy Code addresses his apprehension about the trustee's future double-dipping in receiving fees as counsel and as trustee in § 328(b) and through the fee allowance process. 11 U.S.C. §§ 328(b) and 330(a). As for her financial incentive to maximize creditor recovery, the Bankruptcy Code purposefully harnesses such profit motives by presumptively employing private (non-governmental) actors as fiduciaries and compensating them, usually, on a commission basis. *See* 11 U.S.C. §§ 321(a) and 326(a).

---

[3] Assuming he can establish his standing to object, Mr. O'Hara may raise any objection to the sale if and when the trustee files a motion seeking authority to sell the Division Street property. *See infra* n. 2; *see also In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008) ("Absent a potential surplus or an adverse impact on a debtor's discharge or exemption, this court holds that a [chapter 7] debtor lacks standing to object to a trustee's proposed sale of estate property."). Regardless, an objection to the sale is not yet ripe.

Under the circumstances, the court will overrule Mr. O'Hara's objection to the appointment of the trustee as the estate's counsel under § 327(d).  The order approving the appointment will stand.

Again, assuming his standing, his challenge to the realtor appointment fares no better for many of the same reasons.  The trustee supported the realtor application with an affidavit of disinterestedness (ECF No. 122-1), contrary to Mr. O'Hara's allegation.  His suggestion that the proposed realtor may act through other agents under the realtor's control does not trouble the court in the least, and the only entity that may earn a commission is the entity whose appointment the court has approved—Weichert Realtors.  Any irregularity in a professional's conduct on the estate's behalf that jeopardize disinterestedness also jeopardizes the professional's compensation. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 479 (6th Cir. 1996); *Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 721 (6th Cir. 1995).  This is a sufficient guardrail.

The court has carefully considered the Objections and, after *de novo* review, finds in them no reason to disturb the appointment of the trustee as counsel or Weichert Realtors as realtor.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor's Objection to the Terms of the Order Allowing Attorney Scott Smith to Withdraw (ECF No. 157) is DEEMED to be a motion to reconsider the two appointment orders (ECF Nos. 141 and 142) and GRANTED as provided herein.

IT IS FURTHER ORDERED that upon reconsideration of the two appointment orders (ECF Nos. 141 and 142) the Objections (ECF Nos. 156 and 158) are OVERRULED, and the two orders will stand as entered.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of

Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Lisa E.

Gochá, Esq., the United States Trustee, and all parties requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 5, 2024**



Scott W. Dales
United States Bankruptcy Judge