UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

THOMAS WILLIAM O'HARA,

        Debtor.

Case No. 24-00151-swd
Chapter 7
Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                Chief United States Bankruptcy Judge

The federal Criminal Code, specifically 18 U.S.C. § 3057(a), requires the court (and other enumerated bankruptcy professionals) to make criminal referrals to the United States Attorney when certain statutorily-described conditions are present; it does not, however, give interested parties standing to compel such reports. *Cf. In re Valentine*, 196 B.R. 386, 388 (Bankr. E.D. Mich. 1996) ("The Court concludes that all of these factors suggest that Congress did not intend to give a creditor the right to request the bankruptcy court to refer a matter for criminal investigation.").

Although Judge Rhodes in *Valentine* considered whether a *creditor* has standing or an implied statutory right to compel criminal referral, the statutory analysis applies equally to a request from a *debtor* (and comports with more recent authority regarding implied private rights of action). *In re Baroni*, 643 B.R. 253, 273-78 (Bankr. C.D. Cal. 2022) (discussing *Valentine* and concluding that debtor has no implied right to compel criminal referral); *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 158–59 (6th Cir. 2014) (discussing implied rights of action more generally).

Moreover, as the *Baroni* and *Valentine* courts both recognized, nothing in 18 U.S.C. § 3057 precludes Mr. O'Hara from communicating directly with law enforcement authorities. *Baroni*, 643

B.R. at 275 ("Parties in interest—indeed all persons—already have the unfettered right to report potential bankruptcy crimes for investigation directly to the United States attorney."); *Valentine*, 196 B.R. at 388 ("[T]he Court notes the practical reality that these creditors do not need the relief sought here to achieve their ultimate objective, a criminal investigation of the debtor.").

In short, the criminal referral statute is not just another arrow in a litigant's quiver and most certainly does not imply a private right of action.

Because *pro se* chapter 7 debtor Thomas William O'Hara has no standing to seek the relief he requests through the Debtor's Motion to Compel Referral Under 18 U.S.C. §3057 (ECF No. 303, the "Motion"), the court will deny the relief.  And, because this is obviously so, the court will deny the Motion without putting others to the expense (or rewarding Mr. O'Hara with the delay), associated with conducting a formal hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Debtor at his address of record per Fed. R. Bankr. P. 7004(b)(9), Lisa E. Gochà, Esq., chapter 7 trustee, David E. Bevins, Esq., Peter D. Rhoades, Esq., the United States Trustee, and all parties requesting notice of this proceeding.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 6, 2025**



Scott W. Dales
United States Bankruptcy Judge