UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

THOMAS WILLIAM O'HARA,

         Debtor.

/

Case No. 24-00151-swd
Chapter 7
Hon. Scott W. Dales

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                     Chief United States Bankruptcy Judge

Chapter 7 trustee Lisa E. Gochá, Esq. (the "Trustee") filed a Notice of Right to Demand Hearing, Abandonment of Property, and Order Disallowing Secured Claims (ECF No. 319, the "Abandonment Notice") purportedly pursuant to 11 U.S.C. § 554 and LBR 6007.[1]  The court will strike the Abandonment Notice, *sua sponte*, for several reasons.

First, the Trustee initiated the supposed abandonment of non-affixed personal property (the "Personal Property") located at the real property commonly known as 2820 Division Ave., S., Grand Rapids, Michigan (the "Real Property") by invoking § 554 and using a modified version of the court's local form under LBR 6007 (Ex. 12 to the Local Bankruptcy Rules).  Because the Abandonment Notice incorrectly states the address where creditors and interested parties must file objections, the Clerk issued a Notice Regarding Filed Document (ECF No. 320), pointing out the error and providing the correct address.  By directing interested parties to send objections to an incorrect address, the Abandonment Notice fails to give sufficient notice and opportunity to object.

---

[1] References to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532. References to "LBR" are to the Local Bankruptcy Rules of this district.

Second, as the court explained during the September 22, 2025, hearing on the motion of Thomas William O'Hara (the "Debtor") to compel turnover, to the extent the Personal Property belongs to Harvest Energy, LLC, that property is not included within the estate under 11 U.S.C. § 541(a).[2]  As such, the provisions of § 725 rather than § 554 (though similar) may apply.  Indeed, the legislative history of § 725 suggests that it applies to estate property encumbered by a lien as well as bailed goods (non-estate property).  *See* S. Rep. No. 989, 95th Cong. 2d Sess. 96 (1978) ("The purpose of the section is to give the court appropriate authority to ensure that collateral or its proceeds is returned to the proper secured creditor, that consigned or bailed goods are returned to the consignor or bailor and so on.").

Because § 554 (and also LBR 6007) apply only when a trustee intends to abandon *estate* property, the Trustee cannot use § 554(a), LBR 6007, and Exhibit 12 (even with a correct court address) to extricate the estate from the burdens associated with the Personal Property that belongs to Harvest Energy.  11 U.S.C. § 554(a) ("After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."); LBR 6007(b) (applicable when a trustee "intends to abandon estate property").

To the extent the Abandonment Notice applies to the *Debtor's* former personal property, however, the Trustee could have used the procedure under § 554(a) and LBR 6007, had she complied with that local rule by including the correct address for objections on the related form.

The court infers from the Abandonment Notice and comments on the record during the September 22, 2025 hearing that the Trustee is struggling to remove the Personal Property from the Real Property in order to close the court-approved sale of the latter before the buyer (and the

---

[2] The Debtor, as the sole member of Harvest Energy, Inc., had no ownership interest in company property under M.C.L. § 450.4504(2) that could devolve upon the bankruptcy estate under § 541.  Thus, although the Debtor's membership interest is personal property that entered the estate under § 541, the company's separate interest in its own personal property did not.

mortgagee) run out of patience and the sale (and substantial carve out) fall through.  To this end, the court notes that it has scheduled a telephonic show cause hearing for October 22, 2025, to address possible abandonment or disposition of the Personal Property and Real Property (under § 554(a) or § 725 as the case may be).  The return hearing may provide a ready forum for resolving the proposed disposal of the Personal Property, but even if the parties succeed in persuading the court to approve the abandonment or disposition of the Personal Property as a technical or legal matter, the practical reality of removing items from the premises will persist. This is a problem for the parties, not the court, to resolve.

The Debtor likely remains interested in recovering the Harvest Energy property (based on his earlier turnover motion); the Trustee, who succeeded to the Debtor's former membership interests in the company, seems willing to dispose of company property; and Mercantile Bank asserts a security interest in the property. In most cases, this would form the basis of a simple settlement.  The court encourages the Trustee, the Debtor, and Mercantile Bank to confer before the return hearing to see if they might arrive at an agreement to serve each of their interests with respect to the Personal Property.

Regardless, the court finds that addressing the issues at the return hearing on October 22, 2022, rather than awaiting the expiration of the 30 days under the inaccurate and ill-conceived Abandonment Notice promises a quicker resolution, consistent with due process.  Accordingly, the court will strike the Abandonment Notice, without prejudice to the Trustee's efforts to pursue abandonment or disposition of the Personal Property in accordance with the Bankruptcy Code, the Local Bankruptcy Rules, and appliable non-bankruptcy law.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Abandonment Notice (ECF No. 319) is STRICKEN and of no force or effect.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Lisa E. Gochá, Esq., the United States Trustee (care of Matthew Cheney, Esq.), Mr. Thomas William O'Hara (by U.S. Mail per Rule 7004(b)(9) and DeBN if applicable), and all parties requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 10, 2025**



Scott W. Dales
United States Bankruptcy Judge