UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

THOMAS WILLIAM O'HARA,

        Debtor.

_____ /

Case No. 24-00151-swd
Chapter 7
Hon. Scott W. Dales

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge

Shortly after the court entered its Order dated September 24, 2025 (ECF No. 289) in which it encouraged Mr. O'Hara to refrain from engaging in "efforts to delay the sale of his former commercial property … whether by asserting specious claims of defective notice, meritless requests for reconsideration, or otherwise," he did just that by filing Debtor's Motion to Remove Chapter 7 Trustee Lisa E. Gocha for Cause Under 11 U.S.C. § 324(a) (ECF No. 290, the "Removal Motion"). In addition to the Removal Motion, Mr. O'Hara filed two supplements (ECF Nos. 326 and 327).

Despite well-founded doubts about the merits of the Removal Motion, the court nevertheless conducted a hearing on that motion on November 4, 2025, in Grand Rapids, Michigan, to give Mr. O'Hara a forum to address his concerns. Chapter 7 trustee Lisa E. Gochá (the "Trustee"), Mercantile Bank, and the United States Trustee all appeared through counsel at the hearing; the Debtor, however, did not appear or request an adjournment – continuing an all too common and ultimately fruitless approach to this case.

Addressing the standard governing removal of a panel trustee, the Sixth Circuit's Bankruptcy Appellate Panel in *In re Wring* held that cause for removal includes: "incompetence,

misconduct in office, conflict of interest, or other violations of fiduciary duties the trustee owes to the estate and its creditors." *In re Wring*, 2015 WL 3824860, at *3 (6th Cir. B.A.P. 2015). Additionally, the *Wring* panel noted that "[t]he party seeking removal of the trustee has the burden of establishing 'cause' by setting forth specific facts that support removal," but cautioned that "[c]onclusory contentions not supported by specific facts are insufficient grounds for removal of a trustee." *Id*.

The Removal Motion seeks to bring the Trustee's conduct within the "breach of fiduciary duty" category but its allegations instead fall into the feckless class of "conclusory contentions." Although Mr. O'Hara posits five separate examples of "cause" that he contends warrant removing the Trustee under § 324, none of his enumerated instances justifies relief.[1]

For example, he contends that Ms. Gochá failed to uphold her fiduciary duties by not objecting to Mercantile Bank's "allegedly fraudulent" claim, but the argument holds no water. Section 704 only requires a trustee to examine (and object to) a claim "if a purpose would be served…" 11 U.S.C. § 704(a)(5).  Here, Mercantile Bank's documentation submitted with its Proof of Claim establishes that the Kent County Circuit Court recognized the claim in its order directing foreclosure.  Michigan law provides that court orders are "prima facie evidence of the jurisdiction of said court over the parties to such proceedings and of all facts recited therein, and of the regularity of all proceedings prior to, and including the making of such order, judgment or decree." M.C.L. § 600.2106.  Combined with the full faith and credit statute, 28 U.S.C. § 1738, the Kent County Circuit Court's order almost certainly demonstrates that there would be no purpose served by objecting to the claim.

---

[1] References to specific statutory sections in this Memorandum of Decision and Order point to 11 U.S.C. §§ 101-1532, unless otherwise indicated.  A reference to any "Bankruptcy Rule" identifies a Federal Rule of Bankruptcy Procedure.

As for Mercantile Bank's failure to attach Form 410A to its Proof of Claim, the information included in that form in a chapter 7 case is mainly for the benefit of the debtor, not the estate, and Mr. O'Hara has himself taken no action under Bankruptcy Rule 3002 regarding the supposed deficiency.  Moreover, it is not at all surprising that Mercantile Bank treated its collateral – a commercial warehouse located at 2820 Division Ave., S, Grand Rapids, MI (the "Division Street Property") – as nonresidential property, even though the Debtor may have dwelled in the warehouse after leaving his former marital home.

Additionally, Mr. O'Hara's suggestion that the Trustee has a conflict of interest because she serves as both the attorney and the trustee for this case is without merit.  Section 327(d) expressly permits the court to authorize a trustee to serve as an attorney for the estate if in the best interests of the estate.  The court has already approved the Trustee's service as counsel over Mr. O'Hara's objection in its Memorandum of Decision and Order dated October 5, 2024 (ECF No. 167) – an order from which Mr. O'Hara did not appeal.  His current motion does not give him a second bite at that apple, and he has offered nothing to change the court's mind in this regard.  Permitting a trustee to represent the estate as counsel offers obvious efficiencies in most cases, and the requirement of fee itemization guards against the sort of "double-dipping" that seems to trouble Mr. O'Hara.

Mr. O'Hara has also suggested, without elaboration, that by structuring transactions to maximize Ms. Gochá's fees while leaving the estate insolvent, she has breached her fiduciary duty. This argument appears to be another variant of the challenge to the trustee's service as the attorney in this case and there is no other suggestion in the record that Ms. Gochá has structured transactions differently than any other trustee ordinarily would.  Perhaps Mr. O'Hara could have favored the court with an explanation of his concerns had he attended the hearing, but he did not.  Regardless,

as Trustee, Ms. Gochá is charged with reducing the property of the estate to money, § 704(a)(1), and she has negotiated (and the court approved) a carve-out of $31,000.00 from the proceeds of the Division Street Property specifically for the benefit of the bankruptcy estate and its creditors. Moreover, there is no suggestion that the estate is administratively insolvent, an issue that, in the court's experience, the United States Trustee closely monitors by exercising his duty to supervise trustees under 28 U.S.C. § 586.

Similarly, Mr. O'Hara's allegations of harassment and abuse of authority (including the threat to deny discharge, refusal to allow access to personal belongings, and orchestration of excessive law enforcement) ring hollow.  The court has already denied Mr. O'Hara a discharge – a decision which he has not appealed – on the complaint of the United States Trustee (not the panel trustee), making the threat, well, more of a prescient prediction, and less of an intemperate taunt.

As for enlisting the aid of the United States Marshals Service (which the court assumes inspired the reference to excessive law enforcement), incarceration is a well-established remedy for civil contempt, contempt which Mr. O'Hara has demonstrated throughout this proceeding, including by flouting the court's order directing him last February to relinquish possession and control of the Division Street Property.  The court, not the trustee, signed the arrest warrant.

Similarly, the supposed refusal of Ms. Gochá to allow Mr. O'Hara access to his personal belongings is also unfounded.  The Trustee, in court on at least two occasions, has offered to allow Mr. O'Hara access to his former residence, albeit with safeguards the court regards as appropriate given Mr. O'Hara's obvious hostility to the Trustee and the court's process. And, when the Trustee closed on the sale of the Division Street Property, her control over the premises ended.  He must now deal with the new owner, as the court has previously observed.

Moreover, Mr. O'Hara's assertion that the proposed liquidation provides no recovery to unsecured creditors, including his ex-wife and children, is simply not true given the $31,000.00 carve-out from Mercantile Bank (and perhaps the sale of Harvest Energy, Inc., shares and membership interests in a separate limited liability company – 974 Pannell Street, LLC). Moreover, Mr. O'Hara has no standing to assert the rights of his ex-wife who, after all, is represented in this matter by counsel and, by the way, is a creditor only because Mr. O'Hara either refused or was unable to honor his commitments to her and his children.

For these reasons, the court will deny the Removal Motion, noting that it is just the latest in a series of unfounded filings from an unrepresented litigant hellbent on heaping calumny upon the Trustee, the court, and everyone other than himself for his current unhappy state. He has blamed lawyers and courts for his woes (specifically Ottawa County's Family Court, Kent County's Circuit Court, and now the United States Bankruptcy Court), overlooking the common denominator – himself and his refusal to respect the rule of law. His latest charade in filing the baseless Removal Motion, with the attendant costs to the estate and others, and then failing to appear in support of the motion, exemplifies an approach to the courts that has left him owing significant domestic support obligations and other personal debts, bereft of control of two businesses, homeless, and now without a discharge. The sooner he begins cooperating with the Trustee in this case (as § 521(a)(3) requires), the sooner he can focus on taking responsibility, rebuilding his life, and repaying the debts that remain with him despite a wasted opportunity to discharge most of them through chapter 7.

In court today, the Trustee refrained from seeking sanctions against Mr. O'Hara for a frivolous and abandoned motion but warned that additional meritless filings may require her, as the estate's representative, to seek such relief. For its part, the court shares the Trustee's frustration,

and as Mr. O'Hara knows, the court has not hesitated to use its civil contempt power when necessary. The court will promptly address any sanction motion from the Trustee or others, after giving Mr. O'Hara an opportunity to be heard – an opportunity the court would encourage him to take.

Finally, although Mr. O'Hara has complained that the court continues to serve him by mail at the Division Street Property though he no longer resides there, he has not changed his address of record with the Clerk (despite repeated reminders from the court of his duty to do so under Bankruptcy Rule 4002(a)(5)). In fact, he continues to list the Division Street Property as his address in court filings and correspondence. *See*, *e.g.*, Letter to Clerk of the Court, dated Nov. 2, 2025 (Re: Filing of Correspondence – Notice of Ownership and Demand for Return of Property) (ECF No. 348). The court assumes that Mr. O'Hara has arranged to forward his mail and notes that if he continues to use that mailing address, he should not be surprised if the court and others continue to use it, as well.

For now, suffice it to say that the court will deny the Removal Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Removal Motion (ECF No. 290) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Bankruptcy Rules 9022 and 9036, and LBR 5005-4 upon Lisa E. Gochá, Esq., the United States Trustee (care of Matthew Cheney, Esq.), David Bevins, Esq., Mr. Thomas William O'Hara (by U.S. Mail per Bankruptcy Rule 7004(b)(9) and the BNC as applicable), and all parties requesting notice of these proceedings.

**IT IS SO ORDERED.**

**Dated November 4, 2025**



_____
Scott W. Dales
United States Bankruptcy Judge